## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, 11th Floor
Washington, DC 20005,

      *Plaintiff,*

      vs.

DEPARTMENT OF EDUCATION,
400 Maryland Avenue, SW
Washington, DC 20202,

      *Defendant.*

Case No.

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendant Department of Education ("DOE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      On March 6, 2018, Democracy Forward submitted three FOIA requests to DOE relating to the Department's illegal and discriminatory changes to sexual harassment and sexual violence policy issued under Title IX of the Education Amendments of 1972 ("Title IX").

3.      To date, DOE has not produced any documents to Democracy Forward, nor has it provided Democracy Forward with information regarding when DOE expects to make a determination as to whether to comply with the FOIA request.

4.      Accordingly, Democracy Forward seeks an injunction directing DOE to comply with FOIA and to search for and produce all responsive documents.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

7.      Plaintiff Democracy Forward Foundation is a not-for-profit media organization

incorporated under the laws of the District of Columbia and based in Washington, D.C.

Democracy Forward works to promote transparency and accountability in government, in part by

educating the public on government actions and policies.  Among other things, Democracy

Forward posts information it receives from FOIA requests on the internet and writes about them

in various media.  Democracy Forward's FOIA investigations have led to numerous stories of

significant public interest.

8.      Defendant Department of Education is a federal agency within the meaning of

FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  DOE has possession,

custody, and control of records to which Democracy Forward seeks access.

**FACTUAL ALLEGATIONS**

9.      Over 45 years ago, Congress enacted Title IX to prohibit discrimination on the

basis of sex in educational programs and activities receiving federal financial assistance.  This

landmark civil rights law has helped fight sex discrimination and promote equal educational

access and opportunities for girls and women from the classroom to the playing field.

10.      Twenty years ago DOE issued its first guidance to schools on the standards that

govern their response to sexual harassment, a form of sex discrimination. Since then, through

several successive guidance materials issued under Administrations led by both political parties,

the Department has reaffirmed that Title IX's prohibition on sex discrimination requires

recipients of federal financial assistance to prevent and redress sex and gender-based harassment.

These policies recognize that students who experience sexual harassment, including in its most

extreme form, sexual violence, suffer not only physically and emotionally, but also in their

ability to participate in and benefit from educational opportunities, on the basis of their sex.

11.     In September 2017, DOE reversed course, formally rescinding Title IX sexual

harassment guidance documents issued in 2011 and 2014 and issuing new guidance documents.[1]

The new guidance relaxes protections for sexual harassment victims.

12.     DOE leadership, including Secretary Betsy DeVos and Acting Assistant Secretary

for Civil Rights Candice Jackson, have repeatedly criticized the protections that Title IX has

afforded to women and other survivors of sexual harassment, including sexual violence. This

criticism appears to be informed by the discriminatory belief that many girls and women who

report sexual harassment misunderstood a harmless romantic advance and that those who report

sexual violence often are either lying or have regret about a consensual sexual encounter.

13.     For example, while DOE was considering its change in course on Title IX

guidance, Ms. Jackson was quoted in a New York Times article stating that in most

investigations regarding sexual harassment or assault:

> [There is] not even an accusation that these accused students overrode the will of
> a young woman. . . . Rather, the accusations—90 percent of them—fall into the
> category of 'we were both drunk,' 'we broke up, and six months later I found

---

[1] *See* U.S. Dep't of Educ., Letter from Acting Assistant Sec'y for Civil Rights Candice Jackson
("2017 Dear Colleague Letter") (Sept. 22, 2017), https://www2.ed.gov/about/offices/list/ocr/
letters/colleague-title-ix-201709.pdf; U.S. Dep't of Educ., *Q&A on Campus Sexual Misconduct*
("2017 Q&A") (Sept. 2017), https://www2.ed.gov/about/offices/list/ocr/docs/qa-title-ix-
201709.pdf.

myself under a Title IX investigation because she just decided that our last sleeping together was not quite right.'[2]

14.     For her part, in advance of the decision to revise DOE Title IX sexual harassment and violence policy, Secretary DeVos solicited the views of "men's rights" representatives, and only met with organizations representing the views of sexual harassment and assault survivors after repeated requests for an audience.[3]

15.     This discriminatory mindset has not only motivated decisionmakers at the Department, it flows from the top of the Executive Branch. President Trump's actions and statements reveal his discriminatory and stereotyped views of women, and particularly women's veracity regarding claims of sexual harassment, including violence. For example, during his campaign for President, Donald Trump called women who have made accusations of sexual harassment and assault against him "phony accusers" who have made such reports to get "some free fame." He has called sexual harassment reports against him by women "a total setup" and that the women who made those reports, "horrible."[4]

16.     In order to understand the degree to which this discriminatory mindset informed DOE decision-making in issuing its revised Title IX guidance, Democracy Forward submitted three FOIA requests to DOE on March 6, 2018.

17.     The first FOIA request, which DOE later assigned tracking number 18-01240-F requested the following records:

---

[2] Erica L. Green & Sheryl Gay Stolberg, *Campus Rape Policies Get a New Look as the Accused Get DeVos's Ear*, N.Y. Times (July 12, 2017), https://www.nytimes.com/2017/07/12/us/politics/campus-rape-betsy-devos-title-iv-education-trump-candice-jackson.html.

[3] Letter from Nat'l Women's Law Ctr. et al. to Betsy DeVos, Sec'y of Educ. (Apr. 17, 2017), https://nwlc.org/wp-content/uploads/2017/04/April-17-2017-Letter-to-Secretary-DeVos.pdf.

[4] Ryan Teague Beckwith, *Read Donald Trump's Speech Attacking His Accusers*, Time (Oct. 14, 2016), http://time.com/4532181/donald-trump-north-carolina-accusers-speech-transcript/.

- All records discussing or revealing communications or meetings with Senator James Lankford, the National Coalition for Men (NCFM), Families Advocating for Campus Equality (FACE), Stop Abusive and Violent Environments (SAVE), or the Foundation for Individual Rights in Education (FIRE). Please limit the search to the Office of the Secretary and the Office for Civil Rights.

- All records revealing Candice Jackson's schedule, including all calendars - paper or electronic, whether on government-issued or personal devices - or calendar entries maintained on her behalf (e.g., by an administrative assistant), and all associated invitees, notes, and attachments.

- All records revealing Adam Kissel's schedule, including all calendars - paper and electronic, whether on government-issued or personal devices - or calendar entries maintained on his behalf (e.g., by an administrative assistant), and all associated invitees, notes, and attachments.

The FOIA request stated that the time period for the request was from January 20, 2017 to the present.

18.     The second FOIA request, which DOE later assigned tracking number 18-01242-F, requested the following records:

- All records reviewed or considered by the Department in drafting the 2017 Dear Colleague Letter and 2017 Question & Answer document on Title IX.  The date of the search is January 20, 2017 to September 22, 2017. Please limit the search to the Office of the Secretary and the Office for Civil Rights.

- All records reviewed or considered by the Department in drafting the speech Secretary DeVos gave on September 7, 2017 at George Mason University, as well as all

drafts of the speech or related talking points.  The date of the search is January 20, 2017 to September 7, 2017. Please limit the search to the Office of the Secretary, the Office for Civil Rights, and the Office of Communications and Outreach.

- All correspondence concerning Secretary DeVos's September 7, 2017 speech. The date of the search is January 20, 2017 to October 1, 2017. Please limit the search to the Office of the Secretary, the Office for Civil Rights, and the Office of Communications and Outreach.

- All records revealing communications with educational institutions providing guidance, interpretations, or other explanations of the meaning or applicability of the 2017 DCL and Q&A.  The date of the search is September 1, 2017 to the date the search is run. Please limit the search to the Office for Civil Rights and the Office of the Secretary.

19.     The third FOIA request, which DOE later assigned tracking number 18-01243-F, requested the following records:

- All records discussing the "Me Too" and related efforts aimed at holding accountable people perpetrators of sexual harassment and assault. Please search for the following terms: metoo, #metoo or #me too, Time's Up, #timesup, weinstein, or nassar. The date of the search is October 1, 2017 to the date the search is run.

- All records discussing organizations that advocate on behalf of sexual assault survivors. Please search for the following terms: SurvJustice, End Rape on Campus, EROC, Know Your IX, Victim Rights Law Center, Equal Rights Advocates, the National Women's Law Center, and It's On Us. The date of the search is January 20, 2017 to the date the search is run.

- All records revealing discussions regarding the July 12, 2017 *New York Times* article "Campus Rape Policies Get a New Look as the Accused Get DeVos's Ear" in which Candice Jackson was quoted saying " the accusations — 90 percent of them — fall into the category of 'we were both drunk,' 'we broke up, and six months later I found myself under a Title IX investigation because she just decided that our last sleeping together was not quite right.'" The date of the search is July 12, 2017 to the date the search is run.

Democracy Forward requested that all searches be limited to the Office of the Secretary, the Office for Civil Rights, and the Office of Communications and Outreach.

20.     In each of its FOIA requests, Democracy Forward sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.33, which require waiver of fees if the disclosure is in the public interest because it is likely significantly enhance the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

21.     Democracy Forward submitted the FOIA requests to DOE via email.

22.     DOE sent three letters to Democracy Forward via email on March 11, 2018.  Each acknowledged the receipt of one of the FOIA requests and assigned it the tracking number listed above.

23.      DOE sent three letters to Democracy Forward via email on March 15, 2018, each of which granted the fee waiver request for the respective FOIA request.

24.     DOE also sent one letter to Democracy Forward via email on April 6, 2018, titled "20 Day Notification 18-01240-F".  This letter stated that "[a]s your request seeks documents that will require a thorough search by the office your request was assigned to, the Department

may not meet the 20-working-day timeframe." It did not provide any specific information as to the status of the search and production.

25.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOE was required to determine whether to comply with the FOIA requests within twenty business days of receipt of their submission and to notify Democracy Forward immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

26.    DOE's determination regarding Democracy Forward's FOIA requests were due by April 6, 2018.

27.    On April 13, 2018, a DOE FOIA analyst sent Democracy Forward an email requesting clarification regarding the records requested in FOIA request 18-01242-F. This email did not provide any information as to the timing of a search and production of records. Counsel for Democracy Forward responded by email.

28.    DOE has not advised Democracy Forward of any determination whether to comply with Democracy Forward's FOIA requests.

29.    Because DOE has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Democracy Forward is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CLAIM FOR RELIEF

30.    Democracy Forward incorporates by reference the foregoing paragraphs as if fully set forth herein.

31.    By failing to make a determination as to Democracy Forward's FOIA requests within the statutorily mandated time period, DOE has violated its duties under FOIA, 5 U.S.C.§ 552, including but not limited to its duties to conduct a reasonable search for responsive records,

to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Democracy Forward prays that this Court:

1.    order DOE to conduct a search for any and all responsive records to Democracy Forward's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to discovery of all responsive records;

2.    order DOE to produce, by a date certain, any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.    enjoin DOE from continuing to withhold any and all nonexempt responsive records;

5.    award Democracy Forward its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.    grant Democracy Forward any other relief this Court deems appropriate.

Dated: April 26, 2018                              Respectfully submitted,

/s/ *Robin F. Thurston*
Robin F. Thurston (D.C. Bar No. 1531399)
Javier M. Guzman (D.C. Bar No. 462679)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
rthurston@democracyforward.org
jguzman@democracyforward.org